DEVIN DERHAM-BURK #104353
CHAPTER 13 STANDING TRUSTEE
DEVIN L. PACE #256514
NANETTE DUMAS #148261
JANE Z. BOHRER #243692
P O Box 50013
San Jose, CA 95150-0013

Telephone: (408) 354-4413
Facsimile: (408) 354-5513

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA - DIVISION 5

IN RE:

MARIA FLORES,

Debtors(s)

CHAPTER 13 CASE NO. 20-51708 SLJ

MOTION TO DISGORGE FEES
PURSUANT TO 11 U.S.C. §§105 and 329(b)

Hearing Date: March 18, 2021
Hearing Time: 10:00 a.m.
Judge: Stephen L. Johnson
Place: U.S. Bankruptcy Court
    Telephonic or video only

Devin Derham-Burk, Standing Chapter 13 Trustee, submits the following Motion to disgorge fees as follows:

1. The Debtor, Maria Flores, filed her Chapter 13 case on December 1, 2020 [Docket #1]. The Debtor is represented by Rattan Dhaliwal, Esq., of Dhaliwal Law Group Inc.

2. Devin Derham-Burk is the duly appointed Standing Chapter 13 Trustee in this matter (hereafter "Trustee").

3. The Trustee requests that the Court take judicial notice of its own records in this case pursuant to Fed.R.Evid. 201 made applicable to bankruptcy proceedings pursuant to Fed.R.Bankr.P. 9017.

4. The Trustee has filed a Motion to Dismiss the Debtor's case for Lack of Evidence that Post-petition Installment Payments to Class 1 Creditors are Current ("Motion to Dismiss"). [Docket #46]. Hearing on the Trustee's Motion to Dismiss is set for February 18, 2021. Should the Trustee's Motion to Dismiss be granted, the Trustee requests the Court retain jurisdiction to hear the Trustee's Motion to Disgorge Fees ("Disgorgement Motion").

5. The Debtor filed a previous bankruptcy case on July 22, 2020 (20-51089 SLJ) which was subsequently dismissed on October 28, 2020 on the Trustee's Motion to Dismiss for Lack of Evidence that Post-petition Installment Payments to Class 1 Creditors are current.

6. In her prior case, Debtor lists pre-petition mortgage arrears to 2nd Chance Mortgage in the amount of $4,559.84. Creditor, Wang Yang Enterprises LLC (2nd Chance Mortgage) subsequently filed a proof of claim showing pre-petition arrears to be much higher at $128,039.58. Debtor's subsequent amended plans never addressed the amount of the pre-petition mortgage arrears and her case was dismissed before the amount was ever corrected.

7. After the dismissal of her prior case, Debtor filed her current case. In her current case, Debtor again stated the pre-petition mortgage arrears to 2nd Chance Mortgage were only $4,559.84.

8. Debtor subsequently filed a Motion to Extend the Automatic Stay in her current case. [Docket #7]. Creditor Wang Yang Enterprises LLC Retirement Account Trust (2nd Chance Mortgage) opposed the Debtor's Motion, and the Court entered an Order Denying the Motion to Extend Stay stating "[t]his bankruptcy case unfortunately exhibits most of the problems that

occurred during the prior filing… and resulted in the dismissal of that case" and "no explanation is given to suggest that the… reasons for dismissal… during the pendency of the prior case have been cured or will be addressed."

9. In her Declaration in Opposition of Creditor's Motion Confirming Termination of Stay [Docket #53], Debtor admits that she did not fully report the amounts owed to 2nd Chance Mortgage, but when the case was filed, she had a buyer for her home and she "was sure that all the formalities related to the sale of the home would be completed shortly." Although these facts may have been true, they pertained to the Debtor's prior case and the sale of Debtor's real property had already fallen through prior to the filing of her current case. Therefore, these facts do not address why her current case continued to understate the amount of pre-petition arrears owed to 2nd Chance Mortgage until she amended her plan on February 1, 2021.

10. The Trustee's current Motion to Dismiss is on the same grounds that the previous case was dismissed. Debtor has since amended her Chapter 13 plan on February 1, 2021 to list the accurate amount owed to 2nd Chance Mortgage for pre-petition arrears and properly opted out of the conduit plan. Debtor also filed Declarations re Direct Payments to her mortgage creditors on February 5, 2021. However, the Declarations are not sufficient and do not resolve General Order 34 or the Trustee's Motion to Dismiss. Debtor did not provide copies of the checks written to the mortgage holders, but rather only provided what appears to be carbon copies of the handwritten checks which are not sufficient to show that any post-petition payments have been made to either mortgage lender. Additionally, Debtor has not opposed the Trustee's Motion to Dismiss.

11. In reviewing several moving papers filed by Debtor and Debtor's counsel regarding the automatic stay, Mr. Dhaliwal states he emailed creditor's counsel regarding the sale of

Debtor's real property and received no reply. However, Mr. Dhaliwal failed to pick up the phone and call creditor's counsel when he had not received an email response. Mr. Dhaliwal's failure to be proactive arguably resulted in the loss of the sale and the dismissal of the Debtor's prior bankruptcy which has now afforded Debtor no automatic stay in her current case.

12. Pursuant to the Debtor's 2016(b) Statement filed in this case [Docket #3], and the Debtor's Statement of Financial Affairs Question 16 [Docket #1, page 41], the Debtor paid Mr. Dhaliwal $4,500.00 prior to the filing of the Debtor's petition. However, the payment date has been omitted and it is unclear whether the $4,500.00 listed on the Debtor's Statement of Financial Affairs is the same $4,500.00 paid in the Debtor's prior case or if Debtor paid an additional $4,500.00 for the current case for a total of $9,000.00 paid.

13. Mr. Dhaliwal failed to adequately represent his client in both her current case and her prior case by making no attempts to correctly address the treatment and reporting of the mortgage creditors. Mr. Dhaliwal should disgorge the entire fee for this case given the Debtor did not receive any benefit for Mr. Dhaliwal's services. 11 U.S.C. §§105 and 329(b) along with Fed.R.Bankr.P. 2017 permit the Court to alter the contract for compensation between the debtor and her attorney if the amounts charged are not reasonable for the work performed. Section 105(a) allows this Court general powers "…necessary or appropriate to carry out the provisions of this title." Section 329(b) provides,

> If such [a debtor's attorney's] compensation exceeds the reasonable value of the services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—...
> (2) the entity that made such payment.

Section 330 sets out the standard by which a Court should determine the reasonableness of fees under § 329. Am. Law Center, PC. v. Stanley (In re Jastrem), 253 F.3d 438, 443 (9th Cir. 2001)

(citations omitted); <u>Hale v. United States Trustee (In re Basham)</u>, 208 B.R. 926, 931 (9th Cir. BAP 1997) (citation omitted).  Section 330 provides,

> (3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –…
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title [.]

11 U.S.C. § 330(a)(3) (West 2006).  Section 330 further provides that a Court shall **not** allow compensation for services that are not "reasonably likely to benefit the debtor's estate [or] necessary to the administration of the case."  11 U.S.C. § 330(a)(4)(A)(ii) (West 2006) (emphasis added).  The burden of proof is on the attorney claiming a fee in a bankruptcy proceeding to establish the value of the services provided.  <u>In re Basham</u>, 208 B.R. at 931 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)); <u>In re Gianulias</u>, 111 B.R. 867 (Bankr. E.D. Cal. 1989); <u>In re Coastal Equities, Inc.</u>, 39 B.R. 304, 310 (Bankr. S.D. Cal. 1984).  The Trustee argues that the Debtor has failed to receive the benefit of her bargain with her counsel because Mr. Dhaliwal has failed to adequately represent the Debtor by failing to correctly report the amount of pre-petition arrears Debtor owed and failing to comply with General Order 34 which resulted in the dismissal of the Debtor's prior case and the loss of any automatic stay in her current case.  Debtor is now facing dismissal of her current case for the same General Order 34 violations and Mr. Dhaliwal has not opposed the Motion to Dismiss.  As a result, the Trustee asserts that the attorney's services have not benefited the debtor and the $4,500.00 paid by the Debtor to the attorney exceeds the reasonable value of the attorney's services.  Therefore, the attorney should be required to refund all fees collected in this case, including the filing fee.

14. It is clear that Mr. Dhaliwal's client has failed to receive the benefit of her bargain and it appears that Mr. Dhaliwal's inaction has been consistent in both of the Debtor's cases and his lack of properly addressing mortgage arrears and conduit issues continues to prejudice the Debtor by preventing her current case from proceeding with stay protection and being unable to move towards confirmation timely.

WHEREFORE, Devin Derham-Burk, the Standing Chapter 13 Trustee, respectfully requests that this Court retain jurisdiction to require Rattan Dhaliwal, Esq. to disgorge $4,500.00 to the Debtor within ten (10) days from the entry of this order and provide the Trustee and Court with a copy of the check(s).

Respectfully submitted,

February 11, 2021  /s/ Devin L. Pace
_____
Attorney for the Chapter 13 Trustee