RATTAN DEV S. DHALIWAL (SBN 177318)
DHALIWAL LAW GROUP, INC.
2005 De La Cruz Boulevard, Suite 185
Santa Clara, CA 95050
Telephone: (408) 988-7722
Facsimile: (408) 988-3345

Attorney for Debtor,
Maria Flores

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>Maria Flores,<br><br>Debtor. | Case No. 20-51708<br><br>CHAPTER 13<br><br>Date:<br><br>Time:<br><br>Honorable Judge Stephen L. Johnson |

# MOTION UNDER 28 U.S.C. §455(a) FOR RECUSAL BY THIS COURT AND DECLARATION OF RATTAN DEV S. DHALIWAL, ATTORNEY FOR DEBTOR IN SUPPORT OF THIS MOTION

28 U.S.C. §455(a) requires **recusal** of a **judge** in any proceeding in which his impartiality may be questioned. Attorney for Debtor requests this Court to recluse itself from this case, and all the cases of Rattan Dev S. Dhaliwal, attorney of Debtor. The grounds for recusal are enumerated in the following declaration:

I, Rattan Dev S. Dhaliwal, declare as follows:

I am the Attorney for Debtor in the above-entitled case. The matters set forth herein are based upon my personal knowledge, except as to those matters based upon information and belief, and as to those matters I believe them to be true, and if called as witnesses, I could competently testify thereto. In support of this Motion I declare the following under oath:

1  I believe the only reason this Court ruled against this Debtor and others was because I was representing all of them. I believe this Court is prejudiced against me and I have no clue as to why. I am the only common thread in all of the issues discussed herein, and the various cases discussed herein. I have been troubled by this Court's rulings in the past, but now I have decided to put my concerns in writing and bring them in front of this Court.

2  This is the second case of mine where this Court was being mislead by the other side. However in both the cases this Court ruled against the Debtors. In the instant matter, when I filed my declaration as part of the Response, I brought up numerous instances of creditor's counsel Mr. Paloci misleading this Court and doing this more than once (Docket No. 80). This Court completely sidestepped all of his lies and misleading statements. By not touching this issue at all, this in fact becomes tacit admission by the Court that Mr. Paloci was misleading and lying to the Court. The fact of the matter is that even Mr. Paloci did not raise any issue with my position. This Court gave him a chance to speak up, and he did not. This is admission by Mr. Paloci.

3  From what I remember, same thing happened in the past in Mohammad Tayarani-Beegam, Case No. 16-50082, where Chapter 7 Trustee Doris A. Kaelin mislead this Court as to the value of his home, and this issue was brought in front of the Court and in writing but this Court stayed silent on this issue and ruled in favor of Trustee. If I remember correctly, I even brought up this issue in the open court as well and the results were no better. Very much like now, back then also this Court did not address this issue at all.

4  It gets more troubling when this Court is misleading in its own ruling. On page 2, paragraph 1 of its ruling this Court writes: *"On December 2, 2020, Debtor filed a Motion to Extend the Automatic Stay as to All Creditors ("Extend Stay Motion") but did not set it for hearing. Instead, on December 16, 2020, Debtor filed an application to shorten time to hear the Extend Stay Motion. I granted the application in part by setting up a briefing schedule for opposition but foregoing an actual hearing. 2nd Chance Mortgages Inc. ("2nd Chance"), which holds a junior claim secured by Debtor's residence, filed an opposition."* One of the issues in our motion to reconsideration was the issue of this Court never giving us a chance at rebuttal (My Declaration Para 6, Attachment to Docket No. 80,

and in the Response also this issue is discussed.) and this Court does not even touch this issue in its ruling, but still by its own admission admitting that it took away hearing on the motion, "foregoing an actual hearing." Essentially, we had two more chances to show good faith and they were taken away from us by this Court. In it's this ruling, this Court only touches one of the issues and remains silent on the other issue, thereby giving a misleading ruling from the bench.

5  Additionally, this is not the first time that this Court has taken away rebuttal chances, and hearing chances from me. If I remember the facts correctly, in a different way but in somewhat similar way with similar results, it also happened to me in Saeid Aflakian & Nahid Yavari, Case No. 18-51155. In this case, I was representing a creditor (CEEB). Even after repeated requests and in writing, this Court did not set up the matter for hearing on our opposition to their objection to our proof of claim, and further this Court kept the jurisdiction on the matter in adversarial proceedings, when this Court had no authority to do the same. Neither of these positions by this Court helped the matter. In fact it made it worst.

6  Here is another interesting point. This Court is taking the position that being defensive due to Covid 19 is deliberate legal strategy of mine. In it's this ruling this Court says that "*In this instance, Debtor asserts that it was excusable neglect to file the same schedules and plan in this case that were filed in the previous case because of the urgency posed by a pending foreclosure. The declaration of Debtor's counsel in support of the Motion states that he was "trying to avoid the 14 days requirement to file rest of the papers when we file an emergency case is filed [sic] because of Covid 19 restrictions, and because it was December, and hence holidays." Declaration of Rattan Dev. S. Dhaliwal, Attorney for Debtor in Support of Motion for Reconsideration, filed on February 3, 2021, Docket No. 55, p. 2: 26-28."*

In the next paragraph, this Court goes on to say. "*This is not neglect. The declaration shows that Debtor's counsel made a calculated and deliberate choice to file the plan and schedules from the previous case in commencing this case.₃ Civil Rule 60(b)(1) "does not permit litigants and their counsel to evade the consequences of their legal positions and litigation strategies, even though these might prove unsuccessful, ill-advised, or even flatly erroneous."*

Yet the Court states in its order granting Order Shortening time; "*Due to the closure of the courthouse in view of the Covid-19 virus.*" Is the Court taking the position that during the height of this pandemic, I was not suppose to take preventive steps to protect myself, my loved ones, my family, my staff, my clients, and general public? Courts can be closed because it is important to

protect itself and others from the virus but for me a different set of rules apply. Why? This preposition does not make sense on the face of it.

Court can take judicial notice of some of the facts since they are public domain. At the time of filing of this case, our county had the highest rate of covid 19 cases in the bay area, and the most deaths due to the same reason and they were still rising. The fear was palpable. We addressed this issue in one of the declarations of Debtor because we were surprised by how things were being conducted in the bankruptcy Court at that time, and by this creditor at the height of pandemic. Our county was also (including the entire bay area) rated in the worst manner by the health officials. Simply the ecf being open 24 hours, was not the issue or the solution. Everyone that I know of, was trying to protect themselves and their loved ones. I and my client(s) were no exceptions. Please review Debtor's declaration. (Debtor's Declaration, Docket #53) for the impact of covid 19 on her and her life. This issue is also discussed in the moving papers for Motion to Reconsider.

December and holidays have never ever been ruled to be a "deliberate legal strategy" by any Court in this land that I am aware of, and neither the issue to avoid the 14 days dismissal. The fact of the matter is that no Court has ever ruled this way on either or all of these issues. At least I did not find a single ruling discussing these issues.

7    With this line of thinking, this Court also assumed the role of attorney for Mr. Paloci and his client. I pointed out in my response that Mr. Paloci's Objection was non responsive to the issues at hand (Docket No. 80). Court did not address this issue as well. Again a tacit admission by the Court that Mr. Paloci's Objection was non responsive. But now this Court gives all the grounds as to why the motion for reconsideration should not be granted. Actually this Court now essentially becomes the judge, the jury, the executioner, and the lawyer in favor of Mr. Paloci and his client, and against Debtor, the rest of the creditors, and the trustee. In other words, this ruling cannot be explained either in law, or logic. How can this Court rule to the exclusion of everyone, and for the benefit of one, even if the Debtor did everything wrong. This does not make sense.

8    The following has been taken from one entire paragraph of this Court's ruling is questionable. Unless I am missing something, this entire line of thinking is questionable by itself, and it does not seem to be backed up by any facts. *Contrary to Debtor's arguments, I did consider Debtor's declaration in support of the Extend Stay Motion filed on December 18, 2020, which acknowledged that documents filed in this case contained the same errors as the prior case but Debtor would address them shortly.* **The declaration did not explain why the documents were filed**

*with the errors in the first place.* (Declaration of Debtor pare 1, 2, and 8, Docket #18, filed on 12/18/2020) (My declaration, para 2 filed on 12/02/2020, and 12/18/2020, Docket #8, and19). (Both Debtor and myself we did make an effort to explain that the documents are filed with errors because the house was set for foreclosure sale the very next day, December 2, 2020 and this case is filed on December 1, 2020). Actually this fact that we were explaining the reasons for filing the defective documents in the first place is acknowledged by this Court, in this very ruling and it is copied verbatim in para 6 above from the Court's own ruling. Is this Court misstating the facts here? *The errors were not addressed by the time the Order Denying Stay Extension was entered on December 30, 2021*. (We actually gave the Court the timeline when we would start addressing the issues.) *Considering that I gave Debtor an opportunity to correct these errors prior to dismissing the previous case but Debtor failed to do so,* (Court is not being fair on Debtor with this line of thinking. Debtor's Declaration, para 4, Docket #53, addresses this issue. Further, even this Court gives the same line of thinking as Mr. Paloci. Somehow Debtor was suppose to be immune from the ravages of Covid 19. But neither of them give any reasoning as to why.) *I concluded based on the record at the time that Debtor has not rebutted the presumption of bad faith with clear and convincing evidence.4* (We actually told the Court that we can address these issues going forward based upon the steps the Debtor had taken to increase her income in the same declarations, and with the help of her sister). See next para for more details.

9        Court's ruling is defective in numerous other ways. Here the Court's ruling is prejudicial to all others and beneficial to only one. Bankruptcy Courts were not designed for this purpose. This Court did not look at the totality of the circumstances to reach this conclusion. Not a single factor is considered that favored the Debtor. A plan payment that calls for 100% plan payment has never ever been ruled as bad faith. Opening of daycare, and support by sister is an issue that was never discussed in the first case. An attorney admitting upfront that there are problems, and his client admitting upfront that there are problems and will be addressed have never ever been considered bad faith by any court in this land. If there are any cases, then I missed them completely. I have only seen these type of decisions by this Court and only in my cases.

If the Court really reviewed everything as it states it did, then I have one more problem. Misstating the amounts owed to creditor has never been considered bad faith, and this issue is discussed in one of the declaration (My declaration, para 6, Docket #55, filed on February 2, 2021). Yet this Court never addresses this issue in its ruling.

10    Another case that comes to mind is that of Silvia Lopez. In Silvia Lopez, Case No. 19-51383 matter this Court did not allow an ex-parte motion that had no opposition whatsoever from anyone but had a non-opposition filed by Chapter 13 trustee. This Court forced me to file a noticed motion in this matter, and the Court Order was followed and a noticed motion was filed and even the noticed motion was unopposed. Court again denied that notice motion too.

11    Here is another issue. In two back to back rulings, instead of referring itself to as "Court" this Court is referring itself as "I". I have never seen this type of ruling in any of rulings of other judges.

12    In other words, I really never get any relief from this Court, and only time I seem to get a relief is really when this Court has no other option. By and large I have looked at the issues I faced in last 5 years in front of this Court that left me with questions but with no answers. I have problems in other cases from the years before these 5 years as well, and few cases come to mind, but I am not making them an issue here.

13    In none of my cases, there as ever been any finding of bad faith by this Court. This is true both as to myself, and my clients. Here is another issue. I wanted to file a Motion for Stay Pending Appeal, but I could not reach the conclusion that this Court will give us a fair chance at granting that motion, and hence the reason for this motion.

Executed at Santa Clara, California on March 20, 2021.

/s/ Rattan Dev S. Dhaliwal
Rattan Dev S. Dhaliwal,
Attorney for Debtor