**Entered on Docket**
**March 31, 2021**
**EDWARD J. EMMONS, CLERK**
**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**



The following constitutes the order of the Court.
Signed: March 31, 2021

_Stephen Johnson_

_____
**Stephen L. Johnson**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

|  |  |  |
|---|---|---|
| In re | ) | Case No.: 20-51708 SLJ |
|  | ) |  |
| MARIA FLORES, | ) | Chapter 13 |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |
|  | ) |  |

## ORDER DENYING MOTION FOR RECUSAL

Debtor filed a Motion for Recusal ("Motion"), alleging that I am prejudiced against Debtor's counsel for ruling against him in this and other cases. I do not find cause to grant the motion after reviewing the applicable filings and my prior orders.

The procedural history of this case was set forth in detail in the Order Denying Motion to Reconsider Order Denying Extension of Stay ("Reconsideration Order"), entered on March 18, 2021, which I incorporate by reference. Debtor's Motion is premised on rulings I made in the Reconsideration Order and the Order Denying Motion to Extend Stay ("Order Denying Stay Extension") entered on December 30, 2020. Specifically, Debtor asserts that I have been misled by counsel for opposing creditor 2nd Chance Mortgages Inc. ("2nd Chance" or

ORDER DENYING MOTION FOR RECUSAL

1

"Creditor") and my failure to address 2nd Chance's alleged misstatements in my rulings is an admission that I accepted those misleading statements. Debtor also alleges that I did not allow Debtor to reply and rebut Creditor's allegations by not having an actual hearing on Debtor's Motion to Extend the Automatic Stay as to All Creditors ("Extend Stay Motion"). Debtor finally contends that the Order Denying Stay Extension is defective in other ways.

Creditor filed a document entitled "Comments Re: Motion to Recuse," which takes no position on the Motion but disputes the allegations made by Debtor's counsel against Creditor's counsel.

Other than reciting the applicable statute, 28 U.S.C. § 455(a), Debtor does not refer to any case law or provide any analysis in her Motion. The inquiry must begin with the statute, which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Case law is instructive in understanding the statute. It provides the applicable standard for recusal: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be reasonably questioned." *United States v. Hernandez,* 109 F.3d 1450, 1453 (9th Cir.1997). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland,* 519 F.3d 909, 914 (9th Cir. 2008) (citations omitted). A federal judge is presumed to be impartial, and a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case." *Perry v. Schwarzenegger*, 799 F. Supp. 2d 1119, 1129 (N.D. Cal. 2011).

The standard for recusal based solely on *judicial* conduct is extremely high, and it is found only in the "rarest circumstances." *Liteky v. United States,* 510 U.S. 540, 555 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.*; *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) ("A judge's previous adverse ruling alone is not sufficient bias."). To qualify as bias or prejudice, the favorable or unfavorable ruling must have an "extrajudicial source" or be "so extreme as to display a clear inability to

ORDER DENYING MOTION FOR RECUSAL

2

render a fair judgment." *Liteky v. United States*, 510 U.S. at 551. The latter is known as the "pervasive bias" exception to the "extrajudicial source" doctrine. *Id.*; 12 Moore's Federal Practice - Civil § 63.21 (2021).

Debtor does not allege the existence of any extrajudicial source. Debtor's sole ground for recusal is her dissatisfaction with the outcome of the court's Order Denying Stay Extension and Reconsideration Order. But adverse rulings do not create a basis for recusal. In both instances, I provided the legal standard and reasoning for my decision. To the extent Debtor disagrees and asserts errors, Debtor's remedy lies in the appellate courts. *See Liteky v. United States,* 510 U.S. at 555 ("[adverse rulings] are proper grounds for appeal, not for recusal.").

Many of the allegations in the Motion were not included in Debtor's prior Motion to Reconsider Order Denying Extension of Stay ("Motion to Reconsider"), although it appears they could have been. In any event, I have not addressed them previously. For completeness, I will briefly address them here.

Debtor contends that I failed to convene a hearing and allow her to respond to Creditor's opposition to her Extend Stay Motion. A motion to extend the automatic stay requires "notice and a hearing completed before the expiration of the 30-day period[.]" 11 U.S.C. § 362(c)(3)(B). The phrase "after notice and a hearing" "authorizes an act without an actual hearing if such notice is given properly and if – (i) such a hearing is not requested timely by a party in interest; or (ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act[.]" 11 U.S.C. § 102(1). Moreover, a court has broad discretion in controlling its calendar. *United States v. Batiste*, 868 F.2d 1089, 1091 n. 4 (9th Cir.1989). The statute does not require a hearing be convened for this to be accomplished.

Debtor created the exigency that she now complains led to her motion being considered on the papers. Debtor filed her Extend Stay Motion one day after the petition date on December 2, 2020. Lawyers in this court typically set such motions for actual hearing or for Notice and Opportunity for Hearing immediately. *See* BLR 4001-2(d). Debtor chose not to

ORDER DENYING MOTION FOR RECUSAL

set her Extend Stay Motion for hearing upon filing. Instead, she waited until December 16, 2020 to request an order shortening time on her motion. By that date, I did not have any calendars available within the applicable deadline, December 31, 2020.[1]

Given the timing, I exercised my discretion to shorten time and consider the matter on the papers. The order shortening time accommodated Debtor's request for expedited consideration while giving the opposing party an opportunity to respond within the statutory 30-day period. This mechanism satisfied § 102(1) and served to replace a hearing no one could have conducted given the timing of Debtor's request and the 30-day requirement in § 362(c)(3)(B).

If Debtor's goal was an actual hearing, her decision to delay was unhelpful. As one bankruptcy court observed, "if a debtor seeks to extend the stay beyond thirty days as permitted by section 362(c)(3)(B), it is incumbent upon him to insure that his motion is filed _and heard_ within the thirty-day window." *In re Williams*, 346 B.R. 361, 370 (Bankr. E.D.Pa. 2006)(emphasis added).

Debtor also argued that she did not have an opportunity to file a reply. There is no mandatory right to file a reply brief. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir. 2001), citing *NLRB v. Eclipse Lumber Co.*, 199 F.2d 684, 686 (9th Cir. 1952); *In re Wisdom*, 2014 WL 2175148, * 1 n. 2 (Bankr. D.Idaho 2014) (The right to file a reply brief is a matter of the court's discretion). It is very important to note that even if Debtor had made the Extend Stay Motion under regular notice, which is 14 days, opposition would have made at the hearing *orally* and Debtor would not have been given an opportunity to respond in writing. *See* B.L.R. 4001-2(d) (opposition is oral, no opportunity stated for reply).

Lastly, Debtor alleges that I did not address misleading statements by Creditor's counsel. I am not required to address every argument raised by a party. Furthermore, Debtor has not provided legal authority that a court's failure to address an argument, misleading or

---

[1] My calendars for a calendar year are posted in the preceding November. The calendars are posted on the court's website and are available for anyone to view.

ORDER DENYING MOTION FOR RECUSAL

4

not, means that such argument was accepted and relied on by the court. Quite the contrary. In my written Order Denying Stay Extension and the Reconsideration Order, I addressed the relevant factual points and applied those facts to the applicable law as necessary to make a ruling pursuant to the legal standard for a motion to extend the automatic stay and motion to reconsider.

Because Debtor has not satisfied the standard for recusal,

IT IS HEREBY ORDERED that the Motion is DENIED.

*** END OF ORDER***

Case: 20-51708    Doc# 90    Filed: 03/31/21    Entered: 03/31/21 14:14:30    Page 5 of 6

**COURT SERVICE LIST**

ECF Notifications

**UNITED STATES BANKRUPTCY COURT**
**for the Northern District of California**

ORDER DENYING MOTION FOR RECUSAL

Case: 20-51708    Doc# 90    Filed: 03/31/21    Entered: 03/31/21 14:14:30    Page 6 of 6